# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Montie Russell,** | **Case No. 4:19cv2708** |
| **Petitioner,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Mark Williams, Warden** | **MEMORANDUM OPINION AND ORDER** |
| **Respondent.** | |

## Introduction

Petitioner Montie Russell has filed this *pro se* action seeking a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (Doc. No. 1.) He is a federal inmate at FCI Elkton, serving a 40-year sentence imposed by the District Court for the Northern District of Illinois, where he was convicted in 1994 as part of an extensive conspiracy to sell crack cocaine in Rockford, Illinois. He was convicted of multiple drug offenses, as well as carrying a firearm in connection with a drug trafficking crime for which he was sentenced to five years imprisonment. *See U.S. v. Russell*, Case No. 93-CR-20024-5 (N.D. Ill. 1994). The Seventh Circuit affirmed his convictions on direct appeal. *U.S. v. Russell*, 1996 WL 508598, at *1 (7th Cir. 1996).

From 2008 to 2017, Petitioner filed multiple unsuccessful motions in the trial court to reduce his sentence pursuant to amendments to the federal sentencing guidelines, and most recently, pursuant to the First Step Act. These motions were all denied because Petitioner's sentencing guideline did not change as a result of the amendments, and because he did not qualify for relief under the First Step Act. *See U.S. v. Russell*, Case No. 93-CR-20024-5, Doc. No. 2509, slip op. at 1 (N.D. Ill. June 18, 2019) ("At his sentencing hearing, defendant was found by the court to be responsible for over 900 grams of crack cocaine on Count Ten, and 5.5 kilograms of crack cocaine on Count One. These

amounts are well over the thresholds which provide relief . . . ."). In 2007, Petitioner also filed an unsuccessful petition challenging his conviction and sentence under § 2241 in the District Court for the Western District of Wisconsin. *See Russell v. Martinez*, No. 07-C-502, 2007 WL 5658905 (W.D. Wis. Oct. 2, 2007).

In this Petition, he now seeks to "vacate" his firearm conviction on the basis that he is actually innocent of this offense under the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 144 (1995), which held that the offense of using a firearm requires more than mere possession. (Doc. No. 1. at 7.) Petitioner concedes he "procedurally defaulted" this claim by failing to raise it in "his initial 2255 Motion." (*Id*.)

**Standard of Review and Discussion**

Federal district courts must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must summarily dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)).

This Petition must be summarily dismissed. Generally, a *habeas corpus* petition under § 2241 "is appropriate for claims challenging the execution or manner in which [a] sentence is served," not for claims challenging the validity of a prisoner's conviction or sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Under highly exceptional circumstances, a prisoner may challenge his conviction or sentence under § 2241, instead of under 28 U.S.C. § 2255, if he is able to establish that his remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A prisoner may invoke the savings clause by

2

asserting a claim that he is "actually innocent" of an offense by showing that, after his conviction became final, the United States Supreme Court issued a retroactively-applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). In *Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019), the Sixth Circuit recently made clear that "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the savings clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Id*. at 705.

Petitioner has no plausible claim for relief under § 2241 because he has not shown "that binding adverse precedent (or some greater obstacle) left him with 'no reasonable opportunity' to make his argument" of actual innocence earlier, either on direct appeal, in a § 2255 motion, or otherwise. *See Wright,* 939 F.3d at 703. Where as here, a prisoner misses opportunities that are available to him to raise a claim, he "cannot . . . use the savings clause to get another bite at the apple." *Id*. at 706.

**Conclusion**

Accordingly, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Date: March 2, 2020

s/ *Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE